PS5-125                                                    NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 08-3534

_____

SHERIF GAMEL GHABROS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-427-350)
Immigration Judge:  Honorable Daniel Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2010

Before:  SMITH, FISHER and GARTH, Circuit Judges.

(Filed: May 19, 2010 )

_____

OPINION

_____

PER CURIAM

Sherif Gamel Ghabros, proceeding *pro se*, petitions for review of a Board of Immigration Appeals ("BIA") order denying his motion to reopen. For the reasons that follow, we will deny the petition.

I.

Ghabros is a citizen of Egypt who was admitted to the United States in 1996 as a visitor for business. He overstayed his visa and was placed in removal proceedings. In June 2005, the Immigration Judge denied Ghabros' application for withholding of removal and protection under the Convention Against Torture. In January 2007, the BIA dismissed Ghabros' subsequent appeal. At the time, Ghabros was represented by Caroline Doss. Ms. Doss neglected to inform Mr. Ghabros until nearly a month after the fact that the BIA dismissed his appeal, and she did not inform Ghabros that failure to file a petition for review within 30 days of the Board's order would forfeit his right to appeal that decision. Because she was not admitted to practice before the Court of Appeals, Doss recommended that Ghabros hire another attorney to file a petition for review, but agreed to file a motion to reopen based on Ghabros' recent marriage to a United States citizen.

Doss filed the motion to reopen, but the BIA denied it in April 2007, reasoning that there was insufficient evidence to conclude that Ghabros' marriage was *bona fide*. Ghabros hired a new attorney, who filed a motion to reconsider the Board's April 2007 decision. In that motion, Ghabros sought to offer additional evidence that his marriage

2

was legitimate. The Board denied the motion to reconsider, and Ghabros filed a petition for review, which we dismissed as untimely. See Ghabros v. Att'y Gen., C.A. No. 07-3909 (order entered October 30, 2007).

In April 2008, Ghabros, represented by a third attorney, filed with the BIA another motion to reopen on the basis of Doss's alleged ineffective assistance. Ghabros also included a request for the Board to reissue its original decision so that he could file a timely petition for review. The Board denied the motion in July 2008, reasoning that it was time- and number-barred, and that Ghabros failed to qualify for equitable tolling. Ghabros then filed a petition for review. We have jurisdiction under 8 U.S.C. § 1252.

II.

We review the BIA's denial of a motion to reopen for abuse of discretion. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). Under that standard, we will not reverse the Board's decision unless "it is arbitrary, irrational, or contrary to law." Id. (quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002)). Because Ghabros is proceeding *pro se*, we construe his arguments liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Ghabros does not dispute that his second motion to reopen, filed more than a year after the Board upheld the IJ's order of removal, was time- and number-barred. See 8 U.S.C. § 1229a(c)(7)(A) (establishing number and time limitations on motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same). Rather, he challenges the BIA determination that he

3

failed to demonstrate (1) compliance with the procedural requirements for reopening based on an attorney's deficient performance and (2) due diligence in pursuing his claim.

We need not consider whether Ghabros' submissions demonstrated substantial compliance with Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), see Xu Yong Lu v. Ashcroft, 259 F.3d 127, 132-35 (3d Cir. 2001), because even if he did, we agree that he did not demonstrate due diligence in pursuing his ineffective assistance claim, and was therefore not entitled to equitable tolling.

An alien seeking to toll the limitations period in which to file a motion to reopen must demonstrate that he exercised due diligence. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005). Here, Ghabros did not file an ethics grievance until March 2008: about 14 months after the BIA dismissed his first appeal, and 11 months after the BIA denied his first motion to reopen. And he made no attempt to raise the ineffective assistance issue in his counseled motion to reconsider. On those bases, the BIA reasoned that Ghabros demonstrated a lack of diligence in pursuing his ineffective assistance claim. Given the significant delay from the time of Doss's alleged deficient performance until Ghabros took action to reopen his case on that basis, we cannot say that the Board abused its discretion in denying the motion to reopen. See id.

As to Ghabros' request that the Board reissue its original decision, the Board reasoned that Ghabros' circumstances were not so exceptional as to warrant *sua sponte* reopening. Ghabros gives no good reason to question that assessment.

4

Accordingly, we will deny the petition for review.